UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK J. BETHAS,
    Appellant,

vs. : CIVIL NO. 1-13-cv-1468

PATRICIA A. YOUNG,
CHARLES DeHART, Trustee
    Appellees.

*M E M O R A N D U M*

*I.    Introduction*

Before the Court is an appeal taken from a ruling of the United States Bankruptcy Court. We are considering whether the Bankruptcy Court erred when it ruled that Appellant's Objection to the Chapter 13 Bankruptcy Plan (Doc. 2, Exhibit 3) could not be deemed an informal proof of claim. For the reasons set forth below, we will affirm the Bankruptcy Court's decision.

*II.    Background*

Debtor/Appellee Patricia Young filed a Chapter 13 Bankruptcy Petition on October 24, 2012. The court established March 20, 2013 as the deadline for non-Governmental entities to file claims. Appellant Patrick Bethas is Young's former spouse, and holds a judgment against her in the amount of $192,834.56. This debt was included on Young's bankruptcy schedules. On January 16, 2013, Bethas filed an Objection to

Young's Chapter 13 Plan. The Objection stated that Bethas was Young's former spouse, and that he was the holder of "an unsecured priority claim." (Doc. 2, Exhibit 3). It also stated that Bethas was "virtually the only creditor in this case by virtue of a domestic obligation and debtor . . . never has made an honest effort to pay the obligation." (Id.) Bethas did not file a Formal Proof of Claim.

On March 28, 2013, after the claims deadline, Bethas filed a Motion to Allow the Objection to Plan to be Deemed an Informal Proof of Claim and to Permit Formal Amendment of the Proof of Claim. (Doc. 2, Exhibit 5). Following a hearing on the matter on April 18, 2013, the Bankruptcy Court denied the motion, finding that the Objection did not satisfy the requirements of an informal proof of claim. The court reasoned that because the Objection failed to state a demand against the estate, and failed to allege the amount of the claim, it could not qualify as an informal proof of claim. Bethas filed a notice of appeal on May 31, 2013 (Doc. 1), and the parties filed supporting briefs.

*III.*         *Discussion*

*A. Jurisdiction and Standard of Review*

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158. Because it is a question of law, we review *de novo* the bankruptcy court's decision that the Objection does not qualify as an informal proof of claim. See In re Am. Classic Voyages, Co., 405 F.3d 127, 130 (3d Cir. 2005).

*B. Informal Proof of Claim*

Bankruptcy Rule 3002(a) requires creditors to file a formal proof of claim regardless of whether the debtor has already listed the creditor's claim in the bankruptcy schedules it filed with the court. FED. R. BANKR. P. 3002(a). Where a creditor fails to file a formal proof of claim prior to the bar date, courts sometimes permit a claim to proceed on the theory that another document may be deemed an "informal" proof of claim. See In Re Am. Classic Voyages, Co., 405 F.3d 127 (3d Cir. 2005). The Third Circuit has articulated a five-part test that courts must apply to determine whether a document meets the requirements of an informal proof of claim. See Am. Classic Voyages, 405 F.3d at 131. The document must (1) be in writing; (2) contain a demand by the creditor on the bankruptcy estate; (3) express an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court. Id. If a document meets these four requirements, then the bankruptcy court must determine whether it would be equitable to treat it as a proof of claim. Id. In regard to the second element, the Third Circuit has explained that stating a demand does not mean giving "mere notice" of a claim. Id. at 132. Rather, "[i]n order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'" Id. (citing In re Charter Co., 876 F.2d 861, 863 (11th Cir. 1989)).

The Third Circuit also noted that "the distinction between formal and informal proofs of claim refers only, as the terms suggest, to their form, not their

substance." Am. Classic Voyages, 405 F.3d at 132. "[T]he substantive requirements of a proof of claim, including the notice requirement, cannot be significantly relaxed for 'informal' proofs of claims. . . . All proofs of claim must 'conform substantially to the appropriate Official Form.'" Id. (citing Fed. R. Bankr. P. 3001(a)). That is, to qualify as an informal proof of claim, a document must contain generally the same substantive information as a formal proof of claim. This information includes the amount of the debt and the date it was incurred. See id.

Here, the Objection to the Plan fails to meet the requirements of an informal proof of claim. Although the Objection was a written document filed with the bankruptcy court, it does not state a demand against the estate "sufficient to put the debtor and/or the court on notice" as to the specifics of the claim. Id. at 132. It is particularly significant that the Objection omits the amount of the claim and the date it was incurred, which are two substantive requirements of a formal proof of claim. Given the Third Circuit's instruction that "the substantive requirements of a proof of claim . . . cannot be significantly relaxed for 'informal' proofs of claims," (id.) we find that the Objection falls short.

Appellant Bethas cites In re Brown, 76 F. App'x 471 (3d Cir. 2003), and In re Ungar, 70 B.R. 519 (Bankr. E.D. Pa. 1987), as well as other cases from outside this circuit, to support his argument that the Objection qualifies as an informal proof of claim. While these cases express a more liberal view on what constitutes an informal proof of claim, they pre-date the Third Circuit's decision in American Classic Voyages. We agree

4

with the Bankruptcy Court that <u>American Classic Voyages</u> is the controlling authority. Applying that test, we find that the Objection does not qualify as an informal proof of claim.

*VI.*          *Conclusion*

For the reasons stated above, the Court will affirm the decision of the Bankruptcy Court.

                                                <u>/s/William W. Caldwell</u>
                                                William W. Caldwell
                                                United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK J. BETHAS,
    Appellant,

vs. : CIVIL NO. 1:13-cv-1468

PATRICIA A. YOUNG,
CHARLES DeHART, Trustee
    Appellees.

*O R D E R*

AND NOW, this 18th day of September, 2013, it is ordered that the Bankruptcy Court's decision, rendered on April 18, 2013, is affirmed.

The clerk shall close this file.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge